**Manuel A. MIRANDA, Appellant**

v.

**Alberto GONZALES, et al. Appellees.**

No. 05–5066.

United States Court of Appeals, District of Columbia Circuit.

Feb. 16, 2006.

Rehearing En Banc Denied May 11, 2006.

Arthur Duncan McKey, Hanson & Molloy, Adam Augustine Carter, Law Office of Adam A. Carter, Washington, DC, for Appellant.

Neil Matthew Corwin, U.S. Attorney's Office, New York, NY, for Appellees.

Before: HENDERSON and ROGERS, Circuit Judges, SILBERMAN, Senior Circuit Judge.

### *JUDGMENT*

PER CURIAM.

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs by counsel. For the reasons set forth below it is

**ORDERED** that the judgment from which this appeal has been taken be affirmed. Miranda appeals the district court's dismissal of his complaint to enjoin any criminal investigation related to his past conduct as a Senate aide and to immunize him from future prosecution. It is well-settled, however, that a court will not act to restrain a criminal prosecution if the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief. *See Deaver v. Seymour*, 822 F.2d 66, 69 (D.C.Cir.1987) (citing *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)). The district court correctly held that, if indicted, Miranda can protect his rights under the First Amendment and Speech or Debate Clause pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure. F.R.Crim. P. 12(b) (2005) (upon indictment, defendant may raise by motion defense based on "defects in the institution of the prosecution"). *See also Deaver*, 822 F.2d at 70 ("existence of Rule 12(b)[ (3) ] suggests that appellant's constitutional challenge is not to be raised in a preindictment civil injunctive action").

■ Miranda argues that without injunctive relief his First Amendment right will be "chilled" and that the chilling constitutes a special circumstance that entitles

him to injunctive relief under *Dombrowski v. Pfister*, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965). As the district court pointed out, however, injunctive relief is not appropriate unless the party seeking it can demonstrate that his "First Amendment interests [are] either threatened or in fact being impaired at the time relief [is] sought." Joint Appendix 66 (quoting *Wagner v. Taylor*, 836 F.2d 566, 576 n. 76 (D.C.Cir.1987)) (alteration in original). But Miranda himself alleges only that any infringement of his First Amendment right occurred while he was employed by the Senate. *See* Compl. ¶¶ 26–27, Joint Appendix 12–13 (alleging Senate Sergeant at Arms and Doorkeeper's investigation chilled his speech rights). *Compare Steffel v. Thompson*, 415 U.S. 452, 461, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974).

■ Miranda's argument that he is entitled to declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, is likewise unavailing. While it is true, as Miranda states, that an adequate remedy at law does not preclude declaratory relief if such relief is otherwise appropriate, *see* Fed.R.Civ.P. 57, the decision whether to grant that relief is squarely within the district court's discretion. *See* 28 U.S.C. § 2201(a); *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287–89, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995); *Hewitt v. Helms*, 482 U.S. 755, 762, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987). The district court failed to separately set out its basis for denying declaratory relief; instead it relied on general principles addressed to the inappropriateness of granting equitable relief here. This is not reversible error. *See, e.g., Deaver*, 822 F.2d at 71 (complaint sought both injunctive and declaratory relief; in dismissing complaint court did not explicitly state grounds for denying declaratory relief as it did for denying injunctive relief but stated "[p]rospective defendants cannot, by bringing ancillary equitable proceedings, circumvent federal criminal procedure"). The district court did not abuse its discretion in denying declaratory relief in the absence of special circumstances and given its "considerations of practicality and wise judicial administration." *See Wilton*, 515 U.S. at 288, 115 S.Ct. 2137.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.